■ JAMES HENNING, Appellant-Respondent, v UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent-Appellant. — Order of the Supreme Court, New York County (Irving Kir-

schenbaum, J.), entered May 23, 1984, denying plaintiff's motion to amend his complaint to add a cause of action that defendant had engaged in deceptive practices under General Business Law § 349, is affirmed, without costs.

Order of the Supreme Court, New York County (Bruce McM. Wright, J.), entered August 7, 1984, confirming the report of the Referee and directing that defendant's answer be stricken unless, within 20 days after entry of the order, it answer all interrogatories and pay $500 costs and attorney's fees to plaintiff, affirmed, without costs.

Plaintiff was the owner of a landmark house in Montrose. He insured the house with defendant. On January 16, 1979, the house was destroyed by fire. Defendant immediately sent investigators to the scene who reported back to it that the fire was incendiary in origin. Indeed, a tenant in the building was thereafter indicted for and convicted of arson.

Subsequently, plaintiff appeared twice and submitted to the statutory and contractual examination under oath. Sometime later, defendant formally notified plaintiff that it would not pay on the claim and this action was begun. In the course of the action, plaintiff served defendant with a set of interrogatories. Defendant sought a protective order. The motion was denied. However, Special Term noted, in general terms, that while defendant was required to supply reports prepared in the regular course of business, it was not required to supply reports prepared for litigation. We affirmed, unanimously.

Some two years later, plaintiff moved to suppress his examinations under oath and to amend his complaint to include a cause of action alleging deceptive practices, asserting that when defendant's investigators made their initial reports, defendant determined that the fire was incendiary and had concluded that it would not make payment on the policy. Despite this determination defendant thereafter proceeded to conduct the examinations under oath. Plaintiff contends that in acting as it did, defendant was not acting in good faith and, hence, subjected itself to the strictures of General Business Law § 349. Special Term denied that motion.

While the motion to suppress and to amend the complaint was pending, plaintiff moved for sanctions for failure of defendant to respond to his interrogatories. Defendant, relying on the prior order of Special Term, asserted that the interrogatories to which it had failed to respond dealt with reports made for purposes of litigation. Special Term referred the matter to a Referee who found that defendant had not acted in good faith, and that it had conducted the two examinations under oath without formally

advising plaintiff that it had already determined to reject plaintiff's claim. He recommended that defendant be required to answer the interrogatories. Special Term confirmed the report and ordered defendant's answer stricken unless, within 20 days after entry of the order, it answered the interrogatories and paid $500 costs.

We affirm both orders. We conclude that both sides are endeavoring to eat their cake and have it too. Plaintiff contends that defendant acted unfairly by examining him under oath after it had decided to reject his claim. if that be so, then the material contained in the reports which plaintiff is seeking is material prepared for litigation to which he is not entitled. If, on the other hand, plaintiff is accorded the right to this material, it is because it was material gathered in the regular course of defendant's business, in which event no deceptive practice was engaged in. In sum, both of the Justices at Special Term separately balanced the equities and reached the coordinate conclusions — conclusions with which we agree. Concur — Sullivan, J. P., Asch and Bloom, JJ.

Fein and Milonas, JJ., dissent in part in a memorandum by Milonas, J., as follows: In an order dated July 27, 1984, Special Term granted plaintiff's motion for an order to confirm the report of the Special Referee determining that defendant had not acted in good faith with regard to plaintiff by, among other things, conducting examinations under oath of plaintiff on June 14, 1979 and again on July 19, 1979, a full five and six months, respectively, after defendant had admittedly decided to deny plaintiff's claim under the subject insurance policy. The court also directed that defendant's answer to plaintiff's interrogatories be stricken unless it responded to said interrogatories within a specified time.

Prior to the date that the court formally adopted the Referee's findings, another Judge had already denied a motion by plaintiff for leave to amend his complaint and to preclude the use by the defendant of the transcript of defendant's examination of the plaintiff. Although the first court had before it the report by the Special Referee, that report had not yet been confirmed and was, therefore, of limited evidentiary value. Thus, the conclusion cannot be drawn that Special Term abused its discretion in denying plaintiff's motion. However, now that the Referee's fact findings are officially part of the court records, plaintiff should be given leave to resubmit his motion for permission to amend his complaint and/or to prohibit the use by the defendant of plaintiff's examination.